United States District Court
Southern District of Texas
**ENTERED**
April 17, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDRE G. STEVENS, (Inmate # 02354618), | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-24-46 |
| ED GONZALES, *et al.*, | § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

While he was a pretrial detainee in the Harris County Jail, Andre G. Stevens, (Inmate #02354618), sued Harris County Sheriff Ed Gonzales and the Harris County Jail under 42 U.S.C. § 1983, alleging that they were violating his rights in several ways. (Docket Entry No. 1). Stevens was representing himself and proceeding without prepaying the filing fee. To permit the court to evaluate Stevens's complaint as required by 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(a), the court ordered Stevens to provide a more definite statement of his claims. (Docket Entry No. 11). That order has been returned as undeliverable, with a notation advising the court that Stevens is no longer incarcerated in the Harris County Jail. (Docket Entry No. 13). A check of the Harris County Jail's public online records also reflects that Stevens is no longer detained in the Jail. *See* Inmate Search, https://harriscountyso.org/JailInfo/FindSomeoneInJail (last visited Apr. 12, 2024).

"[L]itigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (per curiam) (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). Rule 83.4 of the Local Rules for the Southern District of Texas makes a self-represented litigant responsible for keeping the Clerk of Court advised of his current address.

"[T]he failure of a *pro se* litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." *Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (per curiam).

Stevens has not contacted the court or provided an updated address as required by Local Rule 83.4. His failure to pursue this action by providing a current address forces the court to conclude that he lacks due diligence. Dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (a district court may dismiss an action for failure to prosecute or to comply with any court order).

Stevens's complaint, (Docket Entry No. 1), is dismissed without prejudice for want of prosecution. Any pending motions are denied as moot. Stevens is advised that the court may grant relief from this order under Rule 60(b) of the Federal Rules of Civil Procedure only if he shows good cause for his failure to comply with the local rules.

SIGNED on April 17, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge